Alice Louise Smart v. Commissioner.
Smart v. Commissioner
Docket No. 7253-70SC.
United States Tax Court
T.C. Memo 1971-292; 1971 Tax Ct. Memo LEXIS 42; 30 T.C.M. (CCH) 1237; T.C.M. (RIA) 71292; November 11, 1971, Filed. Alice Louise Smart, pro se, 3376 Curtis Drive, #103 Hillcrest Heights, Md. Robert S. Erickson, for the respondent. SACKS Memorandum Opinion SACKS, Commissioner: Respondent determined deficiencies of $207.79 and $275.20 in petitioner's Federal income tax for the years 1965 and 1966, respectively. The only issue for decision is whether certain sums paid to petitioner by her former husband during the years 1965 and 1966 pursuant to a Court Order for Support constitute alimony includable *43 in her gross income under section 71(a), [1] or child support excludable from gross income under section 71(b). All of the facts in this case have been stipulated and are so found. Alice Louise Smart, hereinafter called petitioner, is an individual who at the time of the filing of her petition herein resided in Hillcrest Heights, Maryland. Her Federal income tax returns for the years 1965 and 1966 were filed with the internal revenue service center, Philadelphia, Pennsylvania. An amended income tax return for the year 1965 was also filed by petitioner. Petitioner and W. Frank Smart were married on March 20, 1958. On or about January 16, 1963, petitioner and W. Frank Smart separated. On March 7, 1963, pursuant to a petition filed with the Juvenile and Domestic Relations Court of Prince William County, Virginia, an Order for Support was issued directing W. Frank Smart to pay to Alice Louise Smart the sum of $175.00 per month in two equal installments, such payments to be made to the Clerk of the Court for delivery to Mrs. Smart. This Order was modified by an Order *44 dated November 13, 1964, which reduced the amount of the payment to $150.00 per month. On July 20, 1966, a Decree of Divorce was granted to W. Frank Smart. During the years in issue all payments received by petitioner were made pursuant to the Court Order for Support dated March 7, 1963, as amended November 13, 1964. Petitioner contends that the amounts she received pursuant to the Court Order for Support, which totaled $1,700.00 in 1965 and $1,800.00 in 1966, were payments for child support under section 71(b). [2] Respondent argues that none of the language contained in the Court Order for Support provides any basis for a determination that the payments in issue were for child 1238 support. Thus, respondent contends, such payments are includable in petitioner's gross income under section 71(a). [3] While we are extremely sympathetic with petitioner's position and appreciate the hardships she has had to endure as a result of her unsuccessful marriage to W. Frank Smart, we are constrained to sustain respondent's determination. *45 The law is clear and we are unable to circumvent it. Before the payments in issue can be found to be for child support they must be specifically "fixed" in the appropriate decree of divorce, support order or property settlement agreement. . Moreover, the intent of the parties cannot control the characterization of the payments. ; . Finally, although it is understood that the payments are for child support, unless they have been specifically "fixed" in the applicable instrument, we cannot find that such payments are excludable from income under section 71(b). (C.A. 6, 1970), reversing per curiam . In this case we have been unable to ferret out any language in the Court Order for Support which indicates that the payments in issue were specifically fixed as child support. Reviewed and adopted as the report of the Small Tax Case Division. Dicision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 71(b) Payments to Support Minor Children - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support. ↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written Separation Agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for Support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.↩